### ELECTION OF WIDOW.

[Circuit Court of Columbiana County.] .

ANNA LAURA MELLINGER v. ALBERT W. MELLINGER ET AL.

Decided, October Term, 1904.

*Widow—Cancellation of Election of—Under Section 5964, Revised Statutes.*

A deputy clerk of the probate court has no authority under Section 5964, Revised Statutes, to receive the election of a widow to take under the will of her deceased husband; and when such election is made before a deputy clerk, the same will be canceled and vacated upon a suit in equity for that purpose.

COOK, J.; LAUBIE, J., and BURROWS, J., concur.

Appeal from common pleas court.

The question made in this case is upon the election of a widow to take under the will of her deceased husband.

On the 10th day of October, 1901, Melchor Mellinger died testate. On the 30th day of October of the same year the will was probated and the widow, plaintiff, elected to take under the will.

The election was taken by Miss Atchison, who was said by counsel to be deputy probate judge, but in fact under the statute could only be deputy clerk of the probate court (Section 533, Revised Statutes).

The object of this action is to cancel the election to take under the will made in the probate court.

In the case of *Davis et al* v. *Davis*, 11 O. S., 386, it was determined that the party is entitled to such relief where the election was procured by fraud or imposition or entered under such a mistake as would justify its rescission.

It is claimed by plaintiff that she was not fully informed of her rights under the law by Miss Atchison, as required by Section 5964 of the Revised Statutes, and the evidence supports her claim; but the more important question is was she informed at all.

What authority had Miss Atchison, as deputy clerk, to take the election? She could perform such clerical or ministerial duties only as pertained to her as clerk of the court (*Warwick v. State*, 25 O. S., 21).

Taking the election of a widow and advising her of her rights under the will, and under the law, are judicial functions and can only be exercised by the judge in his judicial capacity. In giving such advice he must know the law and exercise judgment and judicial discretion in ascertaining whether or not the widow understands her rights. What would a mere deputy clerk who has possibly been in the office but a few weeks or months, know about her rights under the will or the law? Indeed, it is difficult sometimes for those well versed in the law to know what a beneficiary's rights are under a will. Section 5964 seems to provide that the advice must be given by the judge. It says:

"It shall be the duty of the court to explain the provisions of the will, the rights under it, and by law, in the event of a refusal to take under the will."

Decree will be entered as prayed for in the petition, that the entry in the probate court be canceled and vacated, and the plaintiff restored to her rights in the same manner as if no such entry of election had been made.

*S. W. Ramsey*, for plaintiff.

*C. S. Speaker*, for defendants.